*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. PARKER II, Minor.

UNPUBLISHED
November 9, 2021

No. 355227
Kalamazoo Circuit Court
Family Division
LC No. 2018-000224-NA

Before: MURRAY, C.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Respondent-mother appeals by delayed leave granted[1] the trial court order terminating her parental rights to the minor child, ALP, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist and are not likely to be rectified within a reasonable time), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood that child will be harmed if returned to parent). The trial court also terminated the parental rights of the child's father, but he is not a party to this appeal. We vacate the trial court's adjudication and termination orders, and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEEDINGS

ALP was born in January 2017. The Department of Health and Human Services (DHHS) submitted a petition in May 2018, requesting that ALP be removed from his parents' care.[2] The petition alleged that respondent left ALP alone in a vehicle while stealing alcohol and cigarettes from a store. Respondent was later extradited to Indiana as the result of two outstanding warrants and had been incarcerated since April 2018. The DHHS alleged that ALP was without proper care and custody and that respondent was not willing to cooperate with the DHHS to make adequate arrangements for ALP. The DHHS further alleged that the father lived outside of Michigan and

---

[1] *In re A Parker II Minor*, unpublished order of the Court of Appeals, entered March 2, 2021 (Docket No. 355227).

[2] The petition also requested the removal of ALP's sister, who had a different father than ALP. ALP's sister was placed with her father, and the DHHS ultimately closed the case with respect to her.

had multiple warrants that he was unwilling to address to return to Michigan to care for ALP. Finally, the petition alleged that respondent had unaddressed mental health concerns that impacted her decision-making and that the father had unstable housing. The petition was authorized, and ALP was removed from the parents' care and placed with a relative.

A referee held an adjudication hearing in November 2018, but adjourned respondent's adjudication at her request on the basis that her attorney had just learned about favorable witnesses. The referee held another adjudication hearing in March 2019. Respondent's attorney told the referee that respondent was not ready to proceed with the adjudication because she did not want to plead to any allegations. She also wanted to hire a new attorney because she did not think that her attorney was capable of representing her. The prosecution objected to the adjournment on the basis that the case had begun in June 2018, respondent already had multiple attorneys throughout the case, and the case had been adjourned multiple times. The referee stated that she would grant one final adjournment and substitution of attorney.

The final adjudication hearing was held in April 2019. Respondent arrived while her probation officer was testifying. The hearing recessed to allow respondent and her attorney to meet. After the recess, respondent's attorney stated that she would agree to plead to allegations in the amended petition. The trial court then questioned respondent, who stated that nobody had promised her anything or forced her to plead to the allegations. The trial court also confirmed the information in the paragraphs to which respondent was pleading. Respondent again testified that nobody was promising her anything in exchange for her plea, and she testified that she had had a chance to speak with her attorney about her legal rights and was satisfied with her legal representation that day. The trial court then asked respondent if she understood that her plea could be used as evidence in a termination hearing and, when respondent did not understand, the trial court gave her time to speak with her attorney. After the recess, the trial court questioned respondent and confirmed that she understood that her plea could later be used as evidence in a proceeding to terminate her parental rights. The trial court found that respondent's plea was knowingly, voluntarily, and accurately given, and the trial court took jurisdiction of ALP.

The DHHS filed a supplemental petition in November 2019, requesting that the trial court terminate the parents' parental rights. The termination hearing occurred in August 2020. The prosecution stated that it had made an agreement with respondent, and respondent's attorney had reviewed the language of the agreement. Respondent's attorney stated that it was her "understanding that mother would like to terminate today." The trial court ultimately found that statutory grounds for termination existed pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). The trial court also found that termination was in ALP's best interests. The trial court thus terminated respondent's parental rights. She now appeals.

## II. DEFECTIVE PLEA

Respondent argues that the trial court erred by failing to properly advise her of her rights under MCR 3.971 before accepting her plea and taking jurisdiction over ALP, which resulted in a violation of due process. We agree.

This Court reviews de novo whether child protective proceedings complied with procedural due process. See *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2013). However, this

Court reviews for plain error unpreserved claims of constitutional error. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). Under the plain-error standard, a party must show that an error occurred, the error was clear or obvious, and the error affected the party's substantial rights. *Id.* "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

Child protective proceedings include the adjudicative phase and the dispositional phase. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). In the adjudicative phase, the trial court determines "whether to take jurisdiction of a child . . . ." *Id.* at 464. A parent may waive his or her right to trial by admitting to allegations in the petition or by pleading no contest to the allegations. *Id.* " 'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *Id.*, quoting *Brady v United States*, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970). The Due Process Clause of the Fourteenth Amendment requires that a plea must be voluntary and knowing in order for the plea to constitute an effective waiver of fundamental rights. *In re Ferranti*, 504 Mich 1, 21; 934 NW2d 610 (2019). Due process requires "either a plea hearing that comports with due process and the court rule, or, if respondents choose, a trial." *Id.* at 31.

At the time of respondent's plea,[3] MCR 3.971(B) provided:

(B) Advice or Rights and Possible Disposition. Before accepting a plea of admission or plea of no contest, the court must advise the respondent on the record or in a writing that is made a part of the file:

(1) of the allegations in the petition;

(2) of the right to an attorney, if respondent is without an attorney;

(3) that, if the court accepts the plea, the respondent will give up the rights to

(a) trial by a judge or trial by a jury,

(b) have the petitioner prove the allegations in the petition by a preponderance of the evidence,

(c) have witnesses against the respondent appear and testify under oath at the trial,

(d) cross-examine witnesses, and

(e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor;

---

[3] MCR 3.971 has been amended since respondent's plea.

(4) of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.

(5) if parental rights are subsequently terminated, the obligation to support the child will continue until a court of competent jurisdiction modifies or terminates the obligation, an order of adoption is entered, or the child is emancipated by operation of law. Failure to provide required notice under this subsection does not affect the obligation imposed by law or otherwise establish a remedy or cause of action on behalf of the parent.

MCR 3.971(C) further provided that the trial court "shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made" or without "establishing support for a finding that one or more of the statutory grounds alleged in the petition are true."

In this case, respondent arrived late to the final adjudication hearing date, and the trial court recessed the hearing in order to allow her and her attorney to meet. Respondent's attorney stated that respondent was agreeing to plead to allegations in the amended petition. The trial court properly assessed whether respondent's plea was voluntary by asking her whether anyone forced her into the plea agreement or promised her anything in exchange. See MCR 3.971(C)(1). The trial court also asked respondent to confirm that she was not under the influence of any substances. The trial court further confirmed that respondent's plea was accurate by confirming the information in the paragraphs to which she was pleading. See MCR 3.971(C)(2). Respondent specifically disagreed with one date of a positive test, showing that she was knowingly responding to the allegations in front of her. Respondent's attorney then confirmed with respondent that her plea was voluntary and that she understood the allegations with which she was agreeing. Respondent's attorney then specifically asked respondent if respondent had had the chance to speak with her about respondent's legal rights "regarding proceeding with this trial today or taking this plea." Respondent confirmed that she was satisfied with the legal representation she received.

The trial court also properly determined that respondent was aware of the consequences of her plea. See MCR 3.971(B)(4). When the trial court asked respondent if she understood that her plea could be used as evidence in a termination hearing, respondent indicated that she did not understand, so the trial court recessed the proceedings for respondent to speak with her attorney. After respondent met with her attorney, respondent twice said that she understood. The trial court explained that respondent needed to benefit from services or her rights could be terminated, and respondent stated that she understood. Only then did the trial court accept respondent's plea.

However, the trial court did not properly advise respondent of her trial rights under MCR 3.971(B)(3). It is true that, as petitioner argues, respondent appeared to know at least most of her rights under MCR 3.971(B)(3). Clearly, respondent knew that she had the right to a trial because she had previously stated that she did not want to plead to allegations, and her trial was underway before she arrived. See MCR 3.971(B)(3)(a). Further, respondent was aware of her right to witnesses because her adjudication hearing had been twice adjourned as a result of her witnesses not being present or subpoenaed. See MCR 3.971(B)(3)(c), (d), and (e). However, the trial court did not explicitly advise respondent of these rights, or the right to have the petitioner prove the allegations by a preponderance of the evidence, before accepting her plea at the

-4-

adjudication hearing. Therefore, although the trial court certainly took great effort to ensure that respondent's rights were protected by previously adjourning hearings, questioning respondent to ensure that her plea was voluntary, and recessing the hearing to allow respondent to speak with her attorney, the trial court did not advise respondent of her trial rights before accepting her plea as MCR 3.971(B)(3) requires. This amounted to plain error affecting substantial rights. See *In re Ferranti*, 504 Mich at 30-31.

This Court has previously explained that "[t]he rights outlined in MCR 3.971(B)(3) are particularly important because they directly relate to the adjudicative stage of the child-protective proceeding," which is a "critical state in the proceeding because if the trial court exercises jurisdiction, then the parent will be unable to control the care and custody of his or her child." *In re Pederson*, 331 Mich App at 467. And although respondent confirmed that her attorney had advised her of her trial rights, MCR 3.971(B) explicitly requires "the court" to advise the respondent, rather than permitting the respondent's attorney to do so. Further, there was no written advice of rights form in the record. See MCR 3.971(B). The failure of the trial court to advise respondent of her rights under MCR 3.971(B)(3) "tainted" the adjudicative process. See *In re Pederson*, 331 Mich App at 469.

Consequently, although respondent met with her attorney and reviewed the allegations, and her attorney apparently advised her of her rights, this Court cannot know what respondent's attorney told her in regard to her trial rights under MCR 3.971(B)(3). Therefore, and for the reasons explained previously, the trial court committed plain error affecting substantial rights by not properly advising respondent of her trial rights under MCR 3.971(B)(3) before accepting respondent's plea, and as a result, both the order of adjudication and the subsequent order of termination must be vacated. See *In re Ferranti*, 504 Mich at 36.[4]

## III. CONCLUSION

Because the trial court failed to properly advise respondent of her rights before accepting her plea during the adjudication hearing, we vacate the orders of adjudication and termination and remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Michael J. Riordan

---

[4] Having so concluded, we need not reach respondent's alternate argument that the order of termination should be vacated on different grounds.